**E-Filed 7/20/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON A. MARBLEY,<br><br>     Plaintiff,<br><br>  v.<br><br>THE KAISER PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HEALTH PLAN, INTERNATIONAL; AND THE PERMANENTE MEDICAL GROUP;<br><br>     Defendants. | Case Number C 09-2484 JF (PVT)<br><br>ORDER[1] (1) GRANTING IN PART MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; (2) GRANTING MOTION TO REMAND; AND (3) TERMINATING AS MOOT DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND PLAINTIFF'S REQUEST FOR ECF ACCESS<br><br>[re: doc. nos. 4, 10, 13, 27, 29] |

   Plaintiff Sharon A. Marbley ("Marbley"), proceeding *pro se*, filed the instant action in the

Santa Clara Superior Court on April 13, 2009.  Defendants Kaiser Foundation Health Plan

("Kaiser Health"), Kaiser Permanente Medical Group ("Kaiser Medical"), and The Permanente

Medical Group ("TPMG") filed a notice of removal on June 4, 2009.  The caption of the

operative complaint lists the following claims for relief:  (1) violation of the California Fair

Employment and Housing Act ("FEHA"), Cal. Gov. Code §§12900 et *seq*.; (2) wrongful

---

[1] This disposition is not designated for publication in the official reports.

1  termination in violation of public policy; (3) breach of implied covenant of good faith and fair

2  dealing; (4) intentional infliction of emotional distress ("IIED"); (5) violation of Cal. Labor

3  Codes 201 & 203; (6) breach of implied covenant to terminate only for cause; and (7) conspiracy

4  to defame/defamation.  However, the body of the complaint does not contain any allegations

5  concerning defamation.

6         Defendants move to dismiss the complaint for failure to state a claim upon which relief

7  may be granted.  Defendants also move for a more definite statement.  Marbley opposes the

8  motions and seeks remand of the instant action to the Santa Clara Superior Court.  For the

9  reasons set forth below, the motion to dismiss for failure to state a claim will be granted in part

10  without leave to amend, and the remaining claims will be remanded to the Santa Clara Superior

11  Court.  The motion for a more definite statement and Marbley's request for ECF access will be

12  terminated as moot.[2]

## I. BACKGROUND

14         Marbley was employed by Defendant TPMG from 1991 until January 14, 2008.[3]  *See*

15  Compl. at 2, ¶ 5 and Pl.'s Opp. Ex. VI(a).  During that time, she held several positions, including

16  receptionist, floating clerk, and "Service Team Specialist."  Compl. at 2, ¶ 5.  At all relevant

17  times, Marbley was a member of the Service Employees' International Union ("SEIU") Local

18  250.[4]  Pl.'s Opp. at 5, 7.  From the lengthy allegations set forth in the complaint, it appears that

19  Marbley's relationship with her employer began to deteriorate in 2003.  She alleges, *inter alia*,

20  that during a period of several years she was subject to denial of benefits (Compl. ¶ 3); that

21

---

22     [2] Marbley also has filed a motion requesting that the Court not exclude a late briefing caused by a filing error.  That motion will be granted, and the Court has considered and reviewed

23  all papers filed prior to the hearing date.

24     [3] The parties disagree as to whether any employer-employee relationship existed between

25  Marbley and Kaiser Health or Kaiser Medical.  The complaint alleges that TPMG was Marbley's employer, and all of the allegations are directed against TPMG or employees of TPMG.

26  Accordingly, and for purposes of the instant motion only, the Court will exclude the non-TPMG entities from its analysis.

27

28     [4] SEIU Local 250 now is known as United Healthcare Workers-West, which represents the former members of SEIU Local 250.  *See* Gabel Decl. Ex. A.

Case No. C 09-2484 JF (PVT)
ORDER GRANTING IN PART MOTION TO DISMISS, ETC.
(JFLC1)

1    Defendant TMPG made unexpected and/or unauthorized changes in her hours or other working

2    conditions (*id*. ¶¶ 2, 16); and that she was the victim of multiple false accusations, including theft

3    (*id*. ¶ 6), throwing a chair (*id*. ¶ 10), embezzlement (*id*. ¶ 17), unauthorized waiving of co-

4    payments (*id*.), and poor attendance (*id*. ¶ 28).   The complaint also contains a number of

5    generalized allegations of harassment.   Marbley alleges that TPMG's actions were motivated at

6    least in part by her race and her physical disability.   Marbley names several of her former

7    supervisors as participants in the aforementioned acts, including Deborah Scarini and Beth

8    Shafran-Makai.   While neither of these individuals is a named party, the body of the complaint

9    occasionally labels them as defendants.

10           Marbley's allegations were memorialized at least in part through a series of complaints

11   filed with the United States Equal Employment Opportunity Commission ("EEOC") and the

12   California Department of Fair Housing and Employment ("DFEH").   In addition, Marbley lodged

13   at least several grievances with her union.   The ultimate disposition of the grievances filed

14   through her union is not apparent from the face of the complaint or from her opposition to

15   Defendants' motions, although at some point Marbley became dissatisfied with SEIU, as

16   evidenced by at least one complaint filed with the EEOC against her union.   Marbley has

17   submitted copies of her correspondence with the EEOC and DFEH; it appears that the DFEH

18   issued at least two right-to-sue letters in response to her complaints.   *See* Pl. Opp. Ex. VII.

19           Defendant TMPG terminated Plaintiff on January 14, 2008.   The written notice of

20   termination characterized Marbley's workplace demeanor as "unprofessional and unacceptable."

21   Pl.'s Opp. Ex. VI(a).   The termination notice described several precipitating acts by Marbley,

22   including the alleged use of a racial slur and an altercation with the security department at the

23   hospital.   *Id*.   The letter also stated that the union had intervened at least once on Marbley's

24   behalf.   *Id*.

25

26

27

28

3

Case No. C 09-2484 JF (PVT)
ORDER GRANTING IN PART MOTION TO DISMISS, ETC.
(JFLC1)

1

## II.  LEGAL STANDARD

2        A.  Fed. R. Civ. P. 12(b)(6)

3        A complaint may be dismissed for failure to state a claim upon which relief can be

4 granted for either a lack of (1) a cognizable legal theory or (2) sufficient facts to support a

5 cognizable legal theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean*

6 *Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  Allegations of material fact must be

7 taken as true and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty*

8 *Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997).  *See also Pareto v. FDIC*, 139 F.3d 696, 699

9 (9th Cir. 1998).  However, the Court need not accept as true allegations that are conclusory,

10 unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State*

11 *Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).  *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

12 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive motion to dismiss).

13        On a motion to dismiss, the Court's review is limited to the face of the complaint and

14 matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.

15 1986)*; N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  However, under

16 the "incorporation by reference" doctrine, the Court also may consider documents which are

17 referenced extensively in the complaint and which are accepted by all parties as authentic.  *In re*

18 *Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999).

19        The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted

20 by an attorney, and is to be afforded the benefit of any doubt.  *Haines v. Kerner*, 404 U.S. 519,

21 520 (1972); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

22 Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the

23 deficiencies of the complaint cannot be cured by amendment.  *Lucas v. Dep't of Corrections*, 66

24 F.3d 245, 248 (9th Cir. 1995).  Leave to amend should be granted unless it is clear that the

25 complaint's deficiencies cannot be cured by amendment.  *See id*.  When amendment would be

26 futile, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.

27 1996).

28

Case No. C 09-2484 JF (PVT)
ORDER GRANTING IN PART MOTION TO DISMISS, ETC.
(JFLC1)

1      B.  Removal and Remand

2          Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

3      may remove an action to federal court if the plaintiff could have filed the action in federal court

4      initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389,

5      1393 (9th Cir.1988).  A party may file an action in federal court if there is diversity of citizenship

6      among the parties or if the action raises a substantial federal question.  *Ethridge*, 861 F.2d at

7      1393.  The party invoking the removal statute bears the burden of establishing federal

8      jurisdiction.  *Id*.  The removal statute is construed strictly against removal.  *Id*.  The matter

9      therefore should be remanded if there is any doubt as to the existence of federal jurisdiction.

10     *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

11                          **III.  DISCUSSION**

12         A.  Applicability of the Collective Bargaining Agreement and Federal Preemption

13         At oral argument, Marbley conceded that she was a member of SEIU during the period in

14     question.  The Collective Bargaining Agreement ("CBA") between Defendant TPMG and the

15     union provided that "[n]o employee shall be disciplined or discharged without cause."  Gabel

16     Decl. Ex. A ¶ 1069.  The CBA also required that "[a]ll disputes in other matters of controversy

17     coming within the scope of this Agreement will be settled by the procedure hereinafter

18     provided."  *Id*. ¶ 1082.  "Disputes" include "every dispute concerning interpretation and

19     application of this Agreement and/or any dispute concerning wages, hours, or working

20     conditions.  All such disputes shall be subject to the grievance procedure."  *Id*. ¶ 1085.

21         Defendants argue that at least several of Marbley's claims (breach of implied covenant of

22     good faith and fair dealing, breach of implied covenant to terminate for cause, IIED) are

23     preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

24     Generally, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal

25     court, even if the defense is that of federal preemption and is anticipated in the plaintiff's

26     complaint."  *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1075 (9th Cir. 2005).  However, the

27     jurisdictional grant of § 301 is an exception to this rule.  *See id.* ("[The] Supreme Court has

28     interpreted [§ 301] to compel the complete preemption of state law claims brought to enforce

                                         5

1   collective bargaining agreements."). This exception is not absolute: "[a] claim brought in state

2   court on the basis of a state-law right that is 'independent of rights under the collective-

3   bargaining agreement,' will not be preempted, even if 'a grievance arising from "precisely the

4   same set of facts" could be pursued.'" *Id*. at 1076 (quoting *Livadas v. Bradshaw*, 512 U.S. 107,

5   123 (1994)). *See also Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002) ("the Supreme

6   Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and

7   mandatory state law regulation of the employee-employer relationship; § 301 has not become a

8   'mighty oak' that might supply cover to employers from all substantive aspects of state law.").

9          Marbley alleges that Defendant TPMG "breached [the] implied duty of good faith and fair

10  dealing…through [their] conduct in (a) subjecting Plaintiff to termination after serving for

11  longevity.  (b) Failing to pay Plaintiff either straight time or overtime…(c) subjecting Plaintiff to

12  discrimination and retaliation…(d) terminating Plaintiff's employment without cause.  (e)

13  Unpaid suspension." Compl. ¶ 59.[5]  In California, a claim for the breach of the implied covenant

14  of good faith and fair dealing "is necessarily based on the existence of an underlying contractual

15  relationship, and the essence of the covenant is that neither party to the contract will do anything

16  which would deprive the other of the benefits of the contract." *Milne Employees Ass'n v. Sun

17  Carriers*, 960 F.2d 1401, 1411 (9th Cir. 1991).  The theory underlying a claim for breach of the

18  implied covenant was developed to protect employees who lacked the job security created by a

19  collective bargaining agreement. *See id.*  Individuals protected by a collective bargaining

20  agreement thus often need not resort to state law claims to obtain relief.  As a result, "section 301

21  preempts the California state cause of action for breach of the implied covenant of good faith and

22  fair dealing when an employee enjoys comparable job security under a collective bargaining

23  agreement." *Id*.  In the instant case, any allegation that TPMG's conduct violated the CBA will

24  require interpretation of the agreement.  Accordingly, Marbley's claim for breach of the implied

25  covenant of good faith and fair dealing is preempted by § 301.

26

27         [5]  While the header for this claim is entitled "Failure to Engage in the Interactive Process"
    and "Wrongful Termination in Violation of Public Policy," *see* Compl. at 17, the actual

28  allegations appear to describe a claim for breach of the implied covenant of good faith and fair
    dealing. *See id.*

6

1    For essentially the same reasons, Marbley's claim for breach of the implied covenant to

2  terminate only for cause also is preempted.  *See Jackson v. Southern California Gas Co.*, 881

3  F.2d 638, 645 (9th Cir. 1989) (claims relating to wrongful discharge are preempted by § 301

4  where collective bargaining agreement contains provisions governing termination for cause).  In

5  addition, tort claims, such as Marbley's IIED claim, may be preempted when the claims rely

6  upon allegations of harassment or misrepresentations about an employee's demeanor, and the

7  applicable collective bargaining agreement "contains detailed provisions governing the types of

8  activities alleged" in support of the claim.  *See id.* at 646.  In the instant case, the CBA contains

9  provisions governing such aspects of the employer-employee relationship.  *See*, *e.g.*, Gabel Decl.

10  Ex A at 1 (setting forth rights and obligations relating to "Courteous and Responsible

11  Relationships").  Accordingly, as currently pled the IIED claim also is preempted.  *See Jackson*,

12  881 F.2d at 646.

13    Marbley also alleges a claim for wrongful termination in violation of public policy,

14  violations of several provisions of FEHA, and violation of Cal. Labor Code §§ 201 & 203.

15  Depending on the factual allegations, such claims may be preempted, either in whole or in part.

16  *See Harper v. San Diego Transit Corp.*, 764 F.2d 663, 668 (9th Cir. 1985) ("wrongful

17  termination in violation of state public policy…survives federal preemption."); *Detabali v. St.*

18  *Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) ("FEHA employment discrimination claims

19  are not ipso facto preempted by § 301 of the LMRA."); *Soremekun v. Thrifty Payless, Inc.*, 509

20  F.3d 978, 991-92 (9th Cir. 2007) (suggesting that applicable provisions of California labor code

21  may be subject to preemption if wage calculations require interpretation of a collective

22  bargaining agreement); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1112 (9th

23  Cir. 2000) (rights conferred under California Labor Code not subject to complete preemption).

24  Likewise, if Marbley were to plead a claim for defamation properly, such a claim might not be

25  preempted.  *See Jackson*, 881 F.2d at 645 (defamation claim not preempted where it "neither

26  asserts rights deriving from the collective bargaining agreement, nor requires interpretation of the

27  agreement's terms.  California's defamation law establishes nonnegotiable rights and obligations

28  independent of any labor contract.  One can sue for defamation regardless of employment status

7

1   or union membership."). However, and as set forth in further detail below, the Court need not

2   consider these remaining claims because they may be considered by the state court upon remand.[6]

3       B.  Removal and Motion to Remand

4       "[I]f a state law claim is completely preempted by a federal statute such as section 301,

5   the state law cause of action necessarily becomes a federal one and can be removed." *Milne*

6   *Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1406 (9th Cir. 1991). As discussed above, §

7   301 preempts several of Marbley's claims and thus removal of the case was proper. *See id.* at

8   1411; *Jackson*, 881 F.2d at 646 ("The case was properly removed to federal court because

9   [plaintiff's] breach of contract claim is preempted by section 301 of the LMRA. The district

10  court had jurisdiction over the remaining claims under the doctrine of pendent jurisdiction."). [7]

11      At oral argument, Marbley agreed that the CBA governs certain claims, and she

12  acknowledged that claims arising out of conduct governed by the CBA are preempted by § 301 of

13  the LMRA.[8] She also expressed her desire to have her state law claims heard in the Santa Clara

14  Superior Court and that she was willing to dismiss the preempted claims in order to have the

---

15      [6] Marbley's statutory claims under FEHA and the California Labor Code, as well as her
16  claim for wrongful termination in violation of public policy, are not facially preempted because
    such claims are based upon rights independent of the CBA. *See*, *e.g.*, *Detabali*, 482 F.3d at 1203
17  ("FEHA employment discrimination claims are not ipso facto preempted by § 301 of the
    LMRA."); *Balcorta*, 208 F.3d at 1112 (rights conferred under California Labor Code not subject
18  to complete preemption); *Jackson*, 881 F.2d at 646 (claim for wrongful termination in violation
    of public policy not preempted).
19

20      [7] Marbley's motion to remand appears to be based on her belief that Defendants' basis
    for removal was a claim against Doe defendants under 42 U.S.C. § 1983. This assertion is
21  incorrect, as the complaint does not contain a claim for relief under § 1983 or name any Doe
    defendants. Instead, § 301 of the LMRA provides the basis for federal jurisdiction and removal.
22

23      [8] While an employee generally may not bring an action for breach of a collective
    bargaining agreement prior to exhausting the grievance procedures provided for therein, a
24  plaintiff may obtain judicial review if she "can show that the union breached its duty of fair
    representation." *Jackson*, 881 F.2d at 646. Marbley has not pled that the SEIU breached its duty
25  of fair representation, although at least one of the complaints filed with the EEOC was made
26  against the union, not her employer. In addition, any claim arising under the LMRA is subject to
    a six-month statute of limitations. *Cook v. Lindsay Olive Grower*, 911 F.2d 233, 237 ( 9th Cir.
27  1990); LMRA § 301. It appears from the face of the complaint any potential LMRA claim is
28  time-barred. However, the Court need not determine whether an LMRA claim would be
    untimely because Marbley has not asserted such a claim.

8

1    instant action remanded.  Accordingly, Marbley's preempted claims will be dismissed with

2    prejudice, and her remaining claims will be remanded to the state court.  *See Romero v. San*

3    *Pedro Forklift, Inc.*, 266 Fed. Appx. 552, 557-58 (9th Cir. 2008) (remand proper where

4    remaining claims are not preempted by § 301).[9]

5                                          **IV.  ORDER**

6         Good cause therefor appearing, Defendants' motion to dismiss is GRANTED in part,

7    without leave to amend, and the motion for a more definite statement is TERMINATED AS

8    MOOT.  Marbley's motion to remand is GRANTED, and her request for access to the ECF

9    system is TERMINATED AS MOOT.  The action is remanded to the Santa Clara Superior Court

10   for lack of federal subject matter jurisdiction.   The Clerk of the Court shall close the file.

11

12   IT IS SO ORDERED.

13

14

15   DATED: July 20, 2009

16

17                                           _____
                                              JEREMY FOGEL
18                                            United States District Judge

19

20

21

22

23

24        [9] As stated by the Court at oral argument, to avoid preemption Marbley must only allege
25   claims for discrimination based on her race or her physical disability *and* that do not require
     interpretation or application of the CBA.  Indeed, she still may allege a viable claim for IIED, but
26   the alleged misconduct cannot be acts governed by CBA (and thus subject to preemption).  For
     example, such claims cannot relate to the grievance procedure (such as false statements made in
27   performance reports), or to acts occurring in the workplace (such as changing her shift without
     notice) that would require interpretation of the CBA to determine in the first instance if there was
28   any misconduct.

1    This Order has been served upon the following persons:

2    Mark Gabel      mgabel@hansonbridgett.com, calendarclerk@hansonbridgett.com,
     tmcgrath@hansonbridgett.com

3

4    Patrick M. Glenn      pglenn@hansonbridgett.com, calendarclerk@hansonbridgett.com,
     tramirez@hansonbridgett.com

5

6    Sharon Marbley
     P.O. Box 2752
     Santa Clara, CA 95055

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Case No. C 09-2484 JF (PVT)
ORDER GRANTING IN PART MOTION TO DISMISS, ETC.
(JFLC1)